UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **Accelemark, Inc.** ) | | |
| Plaintiff, ) | Case No._____ | |
| ) | | |
| v. ) | | |
| ) | | |
| **Acquire Direct Marketing, Inc.** ) | JURY TRIAL DEMANDED | |
| Defendant. ) | | |
| ) | | |

# COMPLAINT

COMES NOW Plaintiff Accelemark, Inc. ("Accelemark"), and for its complaint against Defendant Acquire Direct Marketing, Inc. ("Defendant"), states to the Court as follows:

## INTRODUCTION

1. Plaintiff Accelemark is a Missouri corporation that assists financial advisors and representatives in advertising and marketing their services to potential clients by developing and implementing customized marketing campaigns.

2. Defendant Acquire Direct Marketing is a Florida corporation that also assists financial advisors and representatives in advertising and marketing their services to potential clients by developing and implementing customized marketing campaigns.

3. This complaint arises out of Defendant's unauthorized use, reproduction, and distribution of a direct marketing advertisement developed and distributed by Accelemark.

4. This complaint seeks injunctive relief and monetary damages as a remedy for Defendant's willful infringement of Accelemark's copyright and trade dress in the advertisement.

## THE PARTIES

5. Plaintiff Accelemark is a Missouri corporation located and doing business at 1939 Wentzville Parkway, Suite 109, Wentzville, Missouri 63385

6. On information and belief, Defendant Acquire Direct Marketing is a Florida corporation located and doing business at 12620 Race Track Rd., Tampa, Florida 33626.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(a) and (b) (act of Congress relating to copyright and unfair competition), 1367(a) (supplemental jurisdiction), 17 U.S.C. § 101 *et seq*. (Copyright Act of 1976), and 15 U.S.C. § 1051 *et seq*. (Lanham Act)

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1391(c).

## FACTUAL BACKGROUND

9. Plaintiff Accelemark is engaged in developing and implementing customized marketing campaigns for financial advisors and representatives.

10. Accelemark has developed an inherently distinctive trade dress consisting of a fanciful border that is printed on many of Accelemark's direct-mail advertisements ("Exhibit A"). This trade dress functions as a source-indicator for Accelemark's services and serves to identify and distinguish its services from those of Accelemark's competitors.

11. As a result of Accelemark's extensive and continuous use of its trade dress, the relevant purchasing public has come to strongly associate Accelemark's trade dress exclusively with Accelemark's services. As such, Accelemark's trade dress is extremely valuable to Accelemark and has developed a substantial amount of goodwill and recognition among the relevant purchasing public.

12. As part of a marketing campaign for one of its clients, Accelemark developed a direct-mail advertisement incorporating its trade dress that invites the recipient to attend a free financial workshop and dinner at a local restaurant. ("<u>Exhibit A</u>") (hereinafter referred to as the "Advertisement")

13. Accelemark distributed the Advertisement to its intended recipients on or about May 3, 2010.

14. The Advertisement contained Accelemark's copyright notice on the backside of the Advertisement

15. Accelemark applied to register its copyright in the Advertisement about six weeks later on June 21, 2010. The application has been assigned Case No. 1-429192401. ("<u>Exhibit B</u>")

16. Upon information and belief, sometime between May 3, 2010 and June 21, 2010, Accelemark's client shared a copy of the Advertisement with another financial advisor by the name of John Shanks and/or Rocky Ghoneim.

17. Upon information and belief, and without the permission or knowledge of Accelemark, John Shanks and/or Rocky Ghoneim forwarded a copy of the Advertisement to Defendant for the purpose of having a substantially similar advertisement created.

18.     Upon information and belief, Defendant did, in fact, reproduce and use the Advertisement in order to create a substantially similar advertisement for John Shanks and/or Rocky Ghoneim.  ("Exhibit C") (hereinafter referred to as the "Infringing Advertisement").  This was done without the permission or knowledge of Accelemark.

19.     Upon information and belief, Defendant intentionally and wilfully removed Accelemark's copyright notice from the Advertisement.  This was done without the permission or knowledge of Accelemark.

20.     Upon information and belief, Defendant distributed the Infringing Advertisement to select members of the general public.  This was done without the permission or knowledge of Accelemark.

21.     As a result of Defendant's willful infringement of Accelemark's copyright in the Advertisement, Accelelmark will continue to suffer irreparable injury and other damage for which there is no adequate remedy at law.

22.     As a result of Defendant's willful infringement of Accelemark's trade dress, Accelelmark will continue to suffer irreparable injury and other damage for which there is no adequate remedy at law.

## COUNT I
## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101

23.     Accelemark realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

24.     At all times relevant hereto, Accelemark has been the owner and proprietor of all rights, title, and interest in and to the Advertisement.

25. The Advertisement is original and copyrightable subject matter under the copyright laws of the United States.

26. Once obtained, Accelemark's copyright Certificate of Registration will be *prima facie* evidence of the validity of the copyright and of the facts stated in the Certificate of Registration.

27. With full knowledge of Accelemark's rights, Defendant has infringed Accelemark's copyright in the Advertisement by using, reproducing, and distributing the Advertisement without the consent, approval, or license of Accelemark.

28. Defendant's aforesaid acts violate Accelemark's exclusive rights under §106 of the Copyright Act of 1976, 17 U.S.C. § 101 *et. seq.*, and constitute infringement of Accelemark's copyright in the Advertisement.

29. Defendant's use, reproduction, and distribution of the Advertisement constitutes a willful and deliberate infringement of Accelemark's copyright and has caused substantial damage and loss to Accelemark.

30. As a result of Defendant's infringing acts, Accelelmark will continue to suffer irreparable injury and other damage for which there is no adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

31. Accelemark realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

32 Defendant has violated 15 U.S.C. § 1125(a) in that its use, reproduction, and distribution of the Infringing Advertisement is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Accelemark, as well as

to the origin, sponsorship, or approval of Defendant and the Infringing Advertisement by Accelemark.

33. Defendant's wrongful and infringing activities have caused, and will continue to cause, damage and irreparable harm to Accelemark, and are likely to continue unabated, thereby causing further damage and irreparable harm to Accelemark and to the valuable goodwill of Accelemark's trade dress, unless enjoined by this Court. Accelemark has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Accelemark prays for Judgment against Defendant Acquire Direct Marketing as follows:

1. That this Court issue a permanent injunction enjoining Defendant Acquire Direct Marketing, its affiliates, licensees, agents, sales representatives, servants, employees, associates, successors, and assigns, and all persons acting under its control from further using, reproducing, displaying, and distributing the Infringing Advertisement and any substantially similar variations or derivatives;

2. Order Defendant Acquire Direct Marketing to account for and pay over to Plaintiff Accelemark all gains, profits, and other advantages derived from its acts of copyright and trade dress infringement, including enhanced profits for trade dress infringement as provided for in 15 U.S.C. § 1117(a)(3).

3. Order Defendant Acquire Direct Marketing to pay over to Plaintiff Accelemark such damages as Accelemark has sustained as a result of Defendant's acts of copyright and trade

dress infringement, including enhanced damages for trade dress infringement as provided for in 15 U.S.C. § 1117(a)(3).

4. Alternatively, instead of actual damages and profits stemming from Defendant's copyright infringement, order Defendant Acquire Direct Marketing to pay over to Plaintiff Accelemark the maximum amount of statutory damages as provided for in 17 U.S.C. § 504(c)(1);

5. Find that Defendant Acquire Direct Marketing's acts of copyright infringement were committed willfully and award Plaintiff Accelemark an increased amount of statutory damages as provided for in 17 U.S.C. § 504(c)(2);

6. Award Plaintiff Accelemark its costs, expenses, and attorneys' fees incurred in connection with this suit, as provided for in 17 U.S.C. § 505 and 15 U.S.C. § 1117.

7. Award such other and further relief that this Court deems just and proper.

## JURY DEMAND

Accelemark hereby demands trial by jury of all issues triable of right by a jury.


Respectfully submitted,

ACCELEMARK, INC.

By:_____/s/ Annette P. Heller_____          Dated:____8/10/2010_____
Annette P. Heller, Esq.
Heller & Associates
14323 S. Outer Forty Dr., Suite 512 S
Chesterfield, MO 63017
Tel: (314) 469-2610
Fax: (314) 469-4850
tmattorneyheller@aol.com

*Attorney for Plaintiff*
*Accelemark, Inc.*